**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARO AVDALYAN, | No. 08-73041 |
| Petitioner, | Agency No.  A075-713-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:      LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Maro Avdalyan, a native of Iran and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, including the agency's adverse credibility findings.  *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the inconsistencies between Avdalyan's asylum application and testimony regarding when she became a Jehovah's Witness, whether her father or husband was persecuted as a Jehovah's Witness, and her longest hospitalization.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (significant and relevant discrepancies between asylum application and testimony supported adverse credibility finding).  Avdalyan's explanations for these inconsistencies do not compel a contrary conclusion.  *See id.*  Thus, in the absence of credible testimony, Avdalyan's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Avdalyan's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel the finding that it is more likely than not she would be tortured by or with the acquiescence of the government if returned to Armenia.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**